**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| KAREEM BROCK, | 3:11-cv-00086-ECR (WGC) |
| Plaintiff, | **MEMORANDUM DECISION AND ORDER** |
| vs. | |
| HOWARD SKOLNIK, *et al.*, | |
| Defendants. | |

## I. BACKGROUND

On May 23, 2011, defendants filed a Motion to Dismiss. (Doc. # 8.)[1] Concurrently, they filed a Motion for Leave to File Exhibit C *In Camera* In Support of Defendants' Motion to Dismiss, wherein they seek to file Exhibit C, consisting of Plaintiff's Nevada Offender Tracking Information System (NOTIS) case notes *in camera*. (Doc. # 7.) Defendants contend that the case notes are confidential based on the following Nevada Department of Corrections (NDOC) Administrative Regulations (AR): (1) AR 560.03(2)(A), providing that access to inmate records should be on a need to know basis; (2) AR 568.05(1), providing that normally, inmates will not be provided with copies of documents maintained NDOC; (3) AR 569.02(12), providing that inmate records not specifically approved for release are confidential.

Plaintiff opposed the motion to file Exhibit C *in camera*, arguing that defendants'

---
[1] Refers to court's docket number.

reliance on the regulations is misguided, and any confidential information contained in the records can be redacted. (Doc. # 12.) He contends his access to the records contained in Exhibit C is severely restricted and limited in nature. (*Id.*)

On November 16, 2011, the court issued a minute order expressing concern over whether defendants' motion to file Exhibit C *in camera* complied with the requirements of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006) and *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665 (9th Cir. 2010). (Doc. # 18.) The court suggested defendants' motion to dismiss (Doc. #8) was potentially a dispositive motion. As such, the court expressed its opinion that any records filed in support thereof which the defendants wanted to remain under seal would have to be supported with "compelling reasons supported by specific factual findings" which "…outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79. Defendants were therefore afforded an opportunity to provide the court compelling reasons supported by specific facts and findings to justify sealing of the exhibit.[2]

In response to the court's minute order, defendants filed a Supplement to their motion. (Doc. #21.) Therein, defendants argue *Kamakana's* "compelling reason" standard is inapplicable to defendants' motion to seal because the motion to dismiss would not result in a determination on the merits. (*Id.* at 2-3.) Thus, defendants contend the "good cause" standard applies to defendants' motion, not the "compelling reasons" standard. (*Id.*) As discussed below, Defendants embrace this position even though defendants' motion, if granted, would "dispose" of this matter.

---

[2] Technically, defendants' motion was one requesting that Exhibit C be filed "in camera." (Doc. # 7.) The request was made "to prevent [the records] entry into the public record." (*Id.* at 1-2). Local Rule 10-5(a), although not cited by defendants, provides, "papers submitted for *in camera* inspection shall not be filed with the court… ." L.R. 10-5(a). While the court believes the more appropriate course for defendants in this matter was to have filed their request in accordance with Local Rule 10-5(b), governing documents filed under seal, the net effect is the same sought by defendants, i.e., to prevent their entry into the public record. Defendants' Supplement reiterates defendants' intent that these case notes be kept out of the public record due to their confidential nature. (Doc. #21 at 2.)

2

///

## II. LEGAL STANDARD

"Historically, courts have recognized a general right to inspect and copy public records and documents, including judicial records and documents." *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal quotation marks and citation omitted). Documents that have been traditionally kept secret, including grand jury transcripts and warrant materials in a pre-indictment investigation, come within an exception to the general right of public access. *See id*. Otherwise, "a strong presumption in favor of access is the starting point." *Id*. (internal quotation marks and citation omitted).

A motion to seal documents that are not part of the judicial record, such as "private materials unearthed during discovery," is governed by Federal Rule of Civil Procedure 26(c), which "provide[es] that a trial court may grant a protective order 'to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.'" *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010). As the Ninth Circuit explained, "[t]he relevant standard for purposes of Rule 26(c) is whether 'good cause' exists to protect th[e] information from being disclosed to the public by balancing the needs for discovery against the need for confidentiality." *Id*. (internal quotation marks and citation omitted). The good cause standard "is not limited to discovery" and also applies to nondispositive motions. *Id*. at 678.

A motion to seal documents that are part of the judicial record, or filed in connection with a dispositive motion, on the other hand, is governed by the higher "compelling reasons" standard. *Pintos*, 605 F.3d at 678. The "party seeking to seal judicial records must show that 'compelling reasons supported by specific factual findings…outweigh the general history of access and the public policies favoring disclosure.'" *Pintos,* 605 F.3d at 678 (quoting *Kamakana*, 447 F.3d at 1178-79). The trial court must weigh relevant factors including "the public interest in understanding the judicial process and whether disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos*, 605 F.3d at 679 n. 6 (internal quotation marks and

3

1  citation omitted).

## III. DISCUSSION

As noted above, for defendants' records to be sealed so as to prevent their entry into the public record, defendants recognize that at a minimum they will have to establish "good cause." (Doc. #21 at 1.) Defendants argue that the *Kamakana* "compelling reason" standard does not apply here because their motion to dismiss, if granted, although admittedly "dispositive," would not have been made on the "merits." (*Id*, at 2-3.)

The court is not convinced that the *Kamakana* court was basing the distinction between the "compelling reasons" and "good cause" standard on whether or not the motion addresses the merits of the action, as defendants suggest. Rather, as discussed in more detail below, the court believes the distinction focuses on whether the motion is dispositive or non-dispositive. Assuming arguendo that a determination on the merits is required for application of the "compelling reasons" standard, the court recognizes that defendants' motion to dismiss (at least the component thereof relating to whether plaintiff exhausted his administrative remedies) would be treated as a matter in abatement as an unenumerated motion under Fed. R. Civ. P. 12. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Any dismissal on that ground would be without prejudice, and as such, the "merits" of the case are not necessarily addressed in resolving that component of the motion.

Defendants' motion to dismiss, however, is also predicated upon a statute of limitations defense, and Defendants rely on extrinsic documents, i.e., Exhibit C, to establish that defense. (Doc. # 8 at 2, 6.) Whether granting a motion to dismiss under 12(b)(6) on statute of limitations grounds is a ruling "on the merits" is less clear. What is indisputable, however, is that a dismissal on a statute of limitation grounds would be with prejudice, and would therefore be "dispositive" of plaintiff's case.[3]

As indicated above, the court's reading of *Kamakana* and *Pintos*, with respect to

---

[3] A dismissal for failing to exhaust administrative remedies is without prejudice. However, it is the court's understanding that a prisoner must file a grievance within six months of the event. Therefore, if a motion to dismiss for failure to exhaust is granted, the plaintiff is likely precluded from thereafter pursuing a grievance on the grounds on which his action is predicated.

4

application of the "compelling reasons"versus "good cause" standards, is that it was predicated *not* on whether the subject matter was "on the merits," but rather whether the outcome of the motion was dispositive or non-dispositive.

To be sure, the Ninth Circuit stated it adopted the compelling reason rationale "…because a dispute on the merits, whether by trial or summary judgment, is ensuring the 'public's understanding of the judicial process and of significant public events.'" *Kamakana*, 447 F.3d at 1179 (citations omitted). While the Ninth Circuit referenced resolution of a dispute "on the merits," the predominant theme throughout *Kamakana* (and *Pintos*) is whether a motion before a court would be "dispositive." If so, then the right of public access to those documents which brought about that disposition is paramount. The rationale the court provided is that there is a "strong presumption in favor of access," which the court stated was "the starting point." *Kamakana*, 447 F.3d at 1178. "Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (citation omitted). The Ninth Circuit stated that "judicial records are public documents by definition, and the public is entitled to access by default." *Id.* at 1180 (citation omitted).

In *Pintos*, the Ninth Circuit noted the "good cause" standard would typically apply in two situations: discovery and in resolving nondispositive motions. *Pintos*, 605 F.3d at 678. The court's discussion of the application of the "good cause" standard is instructive herein and bears repeating:

> The "good cause" standard is not limited to discovery. In *Phillips*, we held that "good cause" is also the proper standard when a party seeks access to previously sealed discovery attached to a *nondispositive motion. Nondispositive motions "are often 'unrelated, or only tangentially related, to the underlying cause of action,'"* and, as a result, the public's interest in accessing dispositive materials does "not apply with equal force" to non-dispositive materials. In light of the weaker public interest in nondispositive materials, we apply the "good cause" standard when parties wish to keep them under seal. Applying the "compelling interest" standard under these circumstances would needlessly "undermine a district court's power to fashion effective protective orders."

*Id.* at 678 (internal citations omitted) (emphasis added).

First, in *Pintos,* the Ninth Circuit noted the documents sought to be sealed were not

5

"unearthed during discovery," but had become part of the judicial record. Here, if defendants' motion is granted based on Exhibit C, those documents, too, would necessarily become part of the judicial record. *Pintos*, 605 F.3d at 678 (citation omitted). Second, *Pintos* ruled the documents would not be a legitimate exception to the "general presumption of access" because, the "Pintos's motion was *dispositive.*" *Id.* (citation omitted) (emphasis added).

Here, there is no doubt defendants want to prohibit pubic access to the records upon which their motion is predicated. It would be difficult, if not impossible, to characterize defendants' motion to dismiss as being "unrelated or only tangentially related to the underlying cause of action." *Pintos,* 605 F.3d at 678. Therefore, the court finds there is also no doubt that the defendants' underlying motion should be considered potentially dispositive.

The Ninth Circuit has applied the "compelling reasons" standard to dispositive motions. *Kamakana,* 447 F3d at 1181. When presented with a motion to seal, and "[w]hen *sealing* documents attached to a dispositive pleading, a district court must 'base its decision on a compelling reason and articulate the factual basis for its ruling[.]'" *Id.* at 1182 (citations omitted). Without such "specifically articulated reasons," the Ninth Circuit stated "meaningful appellate review is impossible." *Id.* While the district court has to identify the compelling reasons, the burden is on the party seeking to seal the records. *See id. (*"…the proponent of sealing bears the burden with respect to sealing. A failure to meet that burden means the default posture of public access prevails.").

## IV. CONCLUSION

The court finds that defendants' motion to dismiss, being at least potentially dispositive, is governed by the "compelling reasons" standard.[4] An evidentiary hearing will therefore be conducted to allow the defendants to present "compelling reasons supported by specific factual findings" for sealing the documents set forth in Exhibit C. In that regard, the court notes paragraphs B and C of defendants' Supplement (Doc. #21) provide information

---

[4] Even under the "good cause" standard which applies to "non-dispositive" motions, defendants would be required to make a "particularized showing" of the good cause justifying sealing. *Kamakana*, 447 F.3d at 1180.

relative to this determination. Defendants will be permitted to present any additional "factual findings" at the evidentiary hearing. In addition, plaintiff will be allowed to submit any argument or facts which he contends will support public disclosure.

An evidentiary hearing on defendants' motion for leave to file Exhibit C *in camera* (Doc. #7) is scheduled for **Monday, December 12, 2011, at 10:00 a.m.** Any written submissions of argument, authorities or evidence, shall be submitted no later than **Friday, December 9, 2011.** The Office of the Attorney General shall arrange for the plaintiff to be present by telephone and shall contact the courtroom administrator, Jennifer Cotter, at (775) 686-5758, at least two days prior to the hearing to advise her of the number where Plaintiff may be reached at the time of the hearing.

**IT IS SO ORDERED.**

DATED: December 2, 2011.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE

7